UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT E. JACKSON, JR.     CIVIL ACTION NO. 07-cv-1281

VERSUS     JUDGE WALTER

WARDEN LOUISIANA STATE     MAGISTRATE JUDGE HORNSBY
PENITENTIARY

**REPORT AND RECOMMENDATION**

**Introduction**

A Red River Parish jury convicted Robert E. Jackson, Jr. ("Petitioner") of possession of a firearm by a convicted felon, possession with intent to distribute cocaine, and possession with intent to distribute marijuana. Petitioner received a 15-year sentence for the firearms charge, a 30-year sentence on the marijuana charge, and an enhanced multiple offender life sentence on the cocaine conviction. Petitioner pursued several issues on direct appeal and through a post-conviction application. He then filed a petition for federal habeas corpus relief that is before the court. For the reasons that follow, it is recommended that the petition be denied.

**Sufficiency of the Evidence**

Sheriff's deputies obtained a search warrant for Apartment 40B at Red River Estates and a 1988 Honda Accord often driven by Petitioner. Officers were preparing to execute the search warrant when they saw the Honda Accord being driven away from the apartments, so the deputies stopped the car. Petitioner was driving, and his passenger was Delrick Shepherd.

Deputy B. J. Marks testified that a search of the car found a loaded .22 caliber revolver underneath the front seat of the car. Marks said the gun was taken from the car by Officer Taylor and handed to him, but Marks did not see exactly where Taylor found the gun. He admitted that the front seat was divided by a console, and he said that Taylor simply told him that it was underneath the seat. A check of the serial number did not locate an owner. Marks said the gun was not checked for fingerprints because it had been handled by officers at the scene. Tr. 174, 188-91.

Delrick Shepherd testified that the gun was Petitioner's, but Petitioner had loaned it to Shepherd a day or so before the traffic stop because Shepherd needed it to protect himself from some people in Coushatta who were going to jump him. Shepherd said that, just before the traffic stop, he took the gun from his lap and placed it under the passenger side front seat of the car. Shepherd said that he had possessed the gun for the past couple of days, during which time he and Petitioner had been together. Tr. 204-12.

Petitioner testified and admitted that he had pleaded guilty in the past to second degree battery and attempted armed robbery. Petitioner denied knowing that Delrick Shepherd had a gun on him until the time of the traffic stop, when he said Shepherd asked him what he should do with his gun. Petitioner said that he replied, "whatever you do, man, don't put it under my seat, I can't handle no charge like that." At that time, a deputy removed Petitioner from the car, and the search proceeded. Tr. 319-25.

The officers who searched the car then joined others to search Apartment 40B, which was rented by Petitioner's mother. The search focused on the bedroom that Petitioner used. The officers found marijuana, cocaine, razor blades, scales, and plastic bags in the bedroom. They also seized personal items such as photographs, clothes, and mail that linked Petitioner to the bedroom. No contraband or evidence was recovered from any other part of the apartment.

Petitioner was found guilty of violating La.R.S. 14:95.1, which makes it a crime for persons convicted of certain felonies to possess a firearm. Petitioner did not challenge the sufficiency of the evidence to support this conviction on his direct appeal, but he did raise it in a post-conviction application. Tr. 894, 913-16. Petitioner argued that the mere presence of a gun beneath a passenger seat is not sufficient to establish constructive possession by the driver of a car. The trial court issued a two-sentence ruling that summarily denied the application without addressing any particular arguments. Tr. 1009. The state appellate court denied a writ application, writing that Petitioner "offers no showing that the determination of his constructive possession of a firearm was legally insufficient to convict." Tr. 1064. The Supreme Court of Louisiana denied writs without comment. Tr. 1101.

In evaluating the sufficiency of evidence to support a conviction "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 99 S.Ct. 2781, 2789 (1979). The trier of fact has

broad discretion to "resolve conflicts in testimony, to weigh evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id. The Jackson inquiry "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." Herrera v. Collins, 113 S.Ct. 853, 861 (1993).

Petitioner can obtain habeas relief only if the State court's decision was an "unreasonable application" of Jackson. 28 U.S.C. § 2254(d); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000); Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001). Under the unreasonable application clause, a federal court is permitted to grant the writ if the state court has identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the prisoner's case. Williams, 120 S.Ct. at 1523. Even if the federal court, in its independent judgment, has a firm conviction that the state court was incorrect in its application of a federal constitutional principle, that alone does not permit the federal court to grant habeas relief. Relief is not permitted unless the state court decision was so wrong as to be objectively unreasonable. Lockyer v. Andrade, 123 S.Ct. 1166, 1175 (2003). And it is only the state court's ultimate decision, not the quality of its analysis or opinion, that is at issue. Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002)(en banc).

The prosecution presented the testimony of Delrick Shepherd, who said that Petitioner owned or possessed the gun, allowed Shepherd to borrow it to protect himself around

Coushatta, and knew Shepherd had the gun in the car with the two men. Petitioner focuses his arguments on whether the mere finding of a gun under the passenger seat of a car, without more, is sufficient evidence to convict a driver of possession of the gun. That, however, is not the issue in this case, as there is other evidence that directly placed the gun in Petitioner's hands, as owner of the gun, a couple of days before the traffic stop. Based on the evidence presented, a rational juror could have found Shepherd credible and Petitioner guilty of possession of the gun while Petitioner was a convicted felon. The state court's decision of this issue was not an objectively unreasonable application of the principles set forth in Jackson, so habeas relief is not available on this claim.

**Motion to Suppress**

Petitioner had appointed counsel on direct appeal, but he also filed a pro se appellate brief. He raised in his pro se brief an argument that the trial court erred in not granting a motion to suppress. Petitioner argued that a probable cause affidavit, which he said supported the search warrant, was signed the day after the search. The appellate court denied relief, noting that the affidavit pointed to by Petitioner had nothing to do with the search warrant. Rather, the affidavit was prepared because Petitioner had been arrested without an arrest warrant, which required a probable cause determination within 48-hours of the arrest. Tr. 808-09. Petitioner renews his Fourth Amendment challenges in his habeas petition, without explanation as to why the state court may have been wrong about those facts.

A federal habeas court is generally barred from reviewing Fourth Amendment claims. Stone v. Powell, 96 S.Ct. 3037 (1976). In Stone, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 96 S.Ct. at 3037. To satisfy the "opportunity for full and fair litigation" requirement, the state need only provide the processes whereby a defendant can obtain full and fair litigation of a Fourth Amendment claim. Stone bars federal habeas consideration of that claim whether or not the defendant employs those available processes. Janecka v. Cockrell, 301 F.3d 316, 320 (5th Cir. 2002).

Louisiana law afforded Petitioner the opportunity to fully and fairly litigate his Fourth Amendment claim. Petitioner actually took advantage of that opportunity. The Stone doctrine squarely prohibits habeas relief on this claim.

**Life Sentence**

Petitioner was a third-felony offender, and his two prior felonies were defined as crimes of violence, so the Louisiana habitual offender law mandated a natural life sentence. Petitioner's counsel argued at sentencing that the sentence would be unconstitutionally excessive in light of Petitioner's age (28) and other factors. The trial judge noted that it was a shame to see a young man incarcerated for the rest of his life, and he noted that he had at times deviated from the minimum mandatory sentence, but he did not feel that this case was

one of those rare situations that required a sentence below the statutorily mandated life sentence. Tr. 554.

Petitioner argued on direct appeal that the life sentence was unconstitutional. The appellate court rejected the claim, noting that Petitioner had offered no evidence to show why his case was exceptional. To the contrary, Petitioner had a long history of criminal activity, including drug offenses and crimes of extreme. Petitioner pointed to no mitigating factors. Tr. 802-03.

Petitioner renews the attack on his life sentence in his habeas petition, but he offers no new arguments, and he points to no facts about his case that would cast doubt on the legality of the sentence. If a sentence is within statutory limits, a habeas petitioner is not entitled to relief unless he can show that the sentencing decision was "wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion, or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty." Haynes v. Butler, 825 F.2d 921, 924 (5th Cir. 1987) (internal citations and quotations omitted). See also Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000).

Recent decisions from the Supreme Court also make plain that any severity or proportionality attacks on the sentence in this case do not merit relief. See Lockyer v. Andrade, 123 S.Ct. 1166 (2003) (affirming two consecutive terms of 25 years to life for two "third strike" convictions of felony petty theft stemming from thefts of about $150 worth of

videotapes from two different stores) and Ewing v. California, 123 S.Ct. 1179 (2003) (affirming sentence of 25 years to life, under California three-strikes law, for theft of three golf clubs). Petitioner has not demonstrated that the sentencing decision on his conviction for possession of cocaine with intent to distribute, enhanced for habitual offender status, was outside the statutory limit, wholly devoid of discretion, or that it was otherwise an objectively unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d). Relief is not permitted on this claim.

**Sentence Under La.R.S. 14:95.1**

Petitioner's conviction for possession of a firearm by a convicted felon pursuant to La.R.S. 14:95.1 triggered the sentencing provision of the statute that the defendant shall be imprisoned at hard labor for not less than 10 nor more than 15 years and be fined not less than $1,000 nor more than $5,000. On direct appeal, the appellate court noted that the trial court had imposed a 15-year prison sentence but did not assess any fine. The court remanded the matter for re-sentencing on the firearms conviction. Tr. 809. The trial judge stated at re-sentencing:

> I'm going to impose the original sentence, which was imposed, as indicated by the Court of Appeal. In addition, I'm going to amend that sentence by adding that Mr. Jackson be ordered, under [the statute], to pay a fine of $1,000, pursuant to that statute. And all the other original sentence will still be imposed.

Tr. 979.

Petitioner raised the curious argument in a post-conviction application that the trial judge, on re-sentencing, had imposed only the $1,000 fine. Petitioner argued that the matter should be remanded for the imposition of the original sentence (which Petitioner mistakenly described as a life sentence) and the fine. Tr. 921-22. The state appellate court held that the trial court had properly reimposed the 15-year sentence and a fine, and it noted that the imposition of a life sentence would be illegal. Tr. 1064.

Petitioner, without yet making a rational explanation for urging the argument that he should receive a more severe sentence, repeats his arguments in this court. The record indicates that the sentencing judge imposed a statutorily permitted sentence on the firearms conviction. Petitioner has not articulated how the sentence might possibly run afoul of clearly established federal law and give rise to grounds for habeas relief. This claim should be rejected.

**Habitual Offender Sentence and Firearms Conviction**

The trial judge imposed a life sentence pursuant to the habitual offender statute, but at the first sentencing he did not specify which of the three current convictions received the enhancement. The appellate court vacated the sentence and remanded. The trial judge then vacated the original sentence on count one (cocaine) and imposed a life sentence on that conviction. He specifically stated that the sentence on counts two (marijuana) and three (firearms) were not vacated and remained the same. Tr. 715-26.

Petitioner nonetheless argued in a pro se appellate brief that the court should have granted his motion to quash the habitual offender charge because it erroneously enhanced the firearms conviction. The transcript of the sentencing shows that the prosecutor and judge were both well aware of Louisiana law that the firearms conviction could not be enhanced under the habitual offender statute because the felon-in-possession statute already provided for an enhancement based on a prior felony. Accordingly, the trial judge was quite specific that it was the cocaine conviction that received the enhanced sentence. Based on those readily apparent facts, the appellate court rejected Petitioner's argument. Tr. 803-04.

Petitioner, without explanation, repeats to this court his baseless argument that the firearms conviction received the habitual offender enhancement. There is absolutely no support in the record for this argument, and relief should be denied.

**Stipulation of Prior Conviction**

The habitual offender bill of information charged that Petitioner had previously been convicted of second degree battery in Natchitoches Parish and attempted armed robbery in Jackson Parish. The district attorney submitted copies of the records from those cases, including certified copies of court minutes, a transcript of a plea colloquy, a written statement of understanding of constitutional rights and the consequences of a guilty plea, and similar documents. Defense counsel, at an initial sentencing hearing, stipulated that Petitioner was the same person convicted of the two prior offenses. Tr. 699-704.

At a later hearing, defense counsel stated that Petitioner wished her to advise the court that there was not a record of a proper Boykinazation with regard to the two prior felony convictions. The judge mentioned the stipulation, and defense counsel responded that her stipulation was not enough to permit habitual offender enhancement if there was not evidence of proper Boykinazation in connection with the two stipulated convictions. The prosecutor responded that Louisiana law provided that if the court minutes show that Petitioner was represented by counsel in connection with the prior convictions, the burden shifts to Petitioner to show that there was not proper Boykinazation. See State v. Shelton, 621 So.2d 769 (La.1993). Counsel said that her client (Petitioner) advised that the actual transcripts of the guilty pleas, which were in the possession of appellate counsel, would show that there was a Boykin violation. The judge ruled that the issue could be brought up on appeal or on post-conviction relief, and he imposed sentence. Tr. 723-25.

Petitioner did raise the issue in his post-conviction application. He labeled it as a claim of ineffective assistance of counsel based on the stipulation of the prior convictions, but there has never been any hint that Petitioner was not the person convicted of the prior crimes, and there is no reason to believe the State could not have readily proved his identity through fingerprint evidence or other standard forms of proof. Furthermore, Petitioner admitted in his trial testimony that he pleaded guilty to those two crimes. In the absence of any suggestion that the State could not prove Petitioner was the man convicted previously,

counsel cannot be faulted for making a reasonable and professional stipulation that avoided undue expense to and delay of the judicial system.

Petitioner's argument under his heading, however, appears to focus on the lack of a challenge to the State to prove that the prior convictions were obtained in compliance with Boykin. Counsel did raise that objection, and her stipulation did not relieve the prosecution of any burden related to this issue. But the prosecution presented court minutes and other documentation that shifted the burden to Petitioner to show a lack of proper Boykinazation. Counsel did not possess the requisite transcripts at the time of sentencing to mount that challenge. Petitioner later had plenty of time to obtain those transcripts from his appellate counsel, but it appears Petitioner did not file the transcripts in support of his post-conviction application.

The state appellate court noted that Petitioner "has supplied no documentation showing that the predicate offenses were arguably tainted and insusceptible for use as predicates, to support his claim that his attorney was ineffective in stipulating to the existence of the prior convictions." Tr. 1064. Petitioner repeats his ineffective assistance argument to this court, but he once again fails to present any documentation to suggest that counsel could have mounted a successful Boykin challenge. This purely speculative argument does not present a basis to determine that the state court's decision of this issue was an objectively unreasonable application of Strickland v. Washington, 104 S.Ct. 2052 (1984), which governs ineffective assistance of counsel claims, so habeas relief is not permitted.

**Habitual Offender Adjudication; Right to Jury Trial**

Petitioner argued on direct appeal that he was entitled to have a jury determine his prior convictions. The state appellate court wrote that the recently decided Blakely and Apprendi decisions cited by Petitioner did not address whether a defendant is entitled to a jury trial in a multiple offender enhancement proceeding. Petitioner's argument was rejected. Tr. 804-05.

Habeas relief is available in this context only if the state court's decision of this issue was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court has held as recently as 2007 that "prior convictions need not be treated as an element of the offense for Sixth Amendment purposes." James v. U.S., 127 S.Ct. 1586, 1600 n.8 (2007) by citing Almendarez-Torres v. U.S., 118 S.Ct. 1219 (1998). See also U.S. v. Pineda-Arrellano, 492 F.3d 624 (5th Cir. 2007) ("this issue no longer serves as a legitimate basis for appeal"), cert. denied, 128 S.Ct. 872 (2008). Petitioner is not entitled to relief on this claim.

**Ashanti Cole Rebuttal Issues**

Defense witness Vivian Allen testified that she worked in the Coushatta Truck Stop, where she overheard police officer Ashanti Cole say that Petitioner "had best to watch himself because he (Cole) was going to do whatever he can to get him." Tr. 304-07. The prosecution called Officer Cole on rebuttal to address this claim. Cole did not recall making

the statement but said it was possible he had done so. He explained: "If I made that statement, it was only stating that if he was selling narcotics in any way illegal, he would be caught." Cole denied that he intended to do anything illegal or unethical to make an arrest.

On cross-examination, defense counsel asked Cole if, when such a statement might have been made, Cole had any evidence that Petitioner was selling drugs. Cole responded that it was a small town and "I'm pretty sure I had a lot of evidence." On re-direct, the prosecutor asked Cole to tell the jury what evidence he had. Cole responded: "I have made, through a confidential, reliable informant, I have purchased out of 40B (Petitioner's mother's apartment) some crack cocaine from Robert Jackson (Petitioner)."

Defense counsel then asked for the identity of the confidential informant ("CI"), and the State objected. After a sidebar, the trial judge court ruled that he would not order Officer Cole to identify the informant. Defense counsel noted her objection and added, "I am aware who this confidential informant is, and I know that his ... ." An objection ended her remark. The judge then instructed the jury, with regard to the line of questioning:

> That in no way is there any charges or allegations against the Defendant, that he was selling drugs at this time. I think the questioning was limited to the reasons or the questions were focusing on the statements made by Officer Cole. I wanted to make sure that you all are fully aware and understand that.

Tr. 373-78.

Petitioner argued on direct appeal that Cole's hearsay testimony denied him the right to confront and cross-examine witnesses against him. The appellate court noted that counsel

did object to the failure to divulge the name of the CI, but there was no contemporaneous hearsay objection, so the issue was waived. As for the refusal to identify the CI, the court found that Petitioner had not demonstrated the exceptional circumstances required by law for disclosure. For example, the CI was not described as participating in the events for which Petitioner was on trial, nor was the CI an alleged witness to the charged crimes. Tr. 806-08.

Petitioner argued on post-conviction review that his counsel was ineffective when she did not make a hearsay objection to Cole's testimony about the CI buy. The appellate court held that the testimony relating to the controlled buy from the apartment was proper to rebut the "police vendetta" claim put forth by the defense "and was not hearsay, because it did not specifically advert to any statement of a third person, or any non-verbal conduct of a third person intended to be an assertion." Tr. 1064.

Petitioner's hearsay and <u>Strickland</u> arguments on this issue are intertwined. With regard to the hearsay argument, federal courts do not grant habeas relief based on mere errors in the application of state evidentiary rules or even consider it relevant whether state evidentiary rules were satisfied. Only federal constitutional errors that satisfy the demanding standards of Section 2254 merit habeas relief. The Due Process Clause provides a mechanism for relief when a state court wrongfully admits evidence, but only if the evidence is so unduly prejudicial that it renders the trial fundamentally unfair. <u>Bigby v. Cockrell</u>, 340 F.3d 259, 271-72 (5th Cir. 2003), citing <u>Dawson v. Delaware</u>, 112 S. Ct. 1093 (1992) and <u>Estelle v. McGuire</u>, 112 S.Ct. 475 (1991). If constitutional error is found, a petitioner's claim will still

fail absent a showing that the evidence had a substantial and injurious effect or influence in determining the jury's verdict. Bigby, 340 F.3d at 272. Of course, for this court to order relief, it must find that the state court performed an objectively unreasonable application of those principles.

Assuming the hearsay argument is not procedurally barred, it lacks merit. Cole never testified that the CI made any statement, and such a statement was not necessarily implied by Cole's testimony. Cole may have observed the CI make a purchase from the apartment and, thus, testified based solely on his personal knowledge. Furthermore, the evidence did not render the trial fundamentally unfair. The challenged evidence did not directly concern the crimes charged, although the activities in the two incidents were similar in nature. The state court's decision that there was no basis for a hearsay objection, thus defeating the hearsay and related ineffective assistance claim, was not an objectively unreasonable application of clearly established Federal law to the facts at hand. There is no basis for habeas relief with respect to these claims.

**The CI as a Witness**

Petitioner argues that his attorney rendered ineffective assistance of counsel because she did not subpoena the CI to trial. He also argues that the trial court erred in prohibiting Petitioner from calling the CI as a witness. Neither claim has merit.

Petitioner states that defense counsel admitted on the record that she knew the identity of the CI but for "reasons unbeknown to petitioner" counsel did not subpoena the CI. It

appears from the transcript that counsel could not have predicted before Officer Cole's testimony that the CI would have anything to do with the trial, and it also appears that counsel did not know the identity of the CI when Cole first mentioned him. That is indicated by counsel's demand that the court order the prosecution to identify the CI. It was only after an off-the-record bench conference (during which particulars of the transaction may have been discussed) that counsel said she was aware who the CI was. Even if counsel had known the identity of the CI before trial and could have predicted the limited role he would play at trial, Petitioner merely speculates that the CI could have offered testimony that would have helped the defense.

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness would have testified are largely speculative." Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2000). In addition, for Petitioner to demonstrate the requisite Strickland prejudice, "[he] must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial." Id. Evans reversed a district court that had granted habeas relief on a similar Strickland claim. The district court was faulted for assuming that witnesses, from whom no affidavits were presented, would have testified favorably for the defense. See also Bruce v. Cockrell, 74 Fed.Appx. 326 (5th Cir. 2003)(rejecting Strickland claim because petitioner "did not submit any affidavits by the uncalled witnesses themselves, or offer any evidence that they would have been willing to testify at the punishment phase of his trial."); and O'Brien v. Dretke, 156 Fed.Appx. 724 (5th

Cir. 2005) (denying COA when witness's affidavit was submitted but it "d[id] not indicate what the nature of his testimony would have been.")

Petitioner has not presented facts to suggest that counsel either rendered incompetent performance caused any prejudice to the defense by not subpoenaing the CI to testify at trial. There is no evidence that counsel even knew the CI's identity until near the end of the trial, and there is nothing but speculation that the CI would have denied that he bought drugs from Petitioner or otherwise have helped the defense. Petitioner has raised the related issue that the trial judge erred in barring the defense from calling the CI, but there is no evidence of record to support that argument. Counsel never made a request at trial that the CI be called to testify, so the trial court did not take the action about which Petitioner complains. (The court did deny the request that the prosecution be required to identify the CI, and the state appellate court affirmed for sound reasons.)

**Right to Confrontation**

Petitioner produced, before trial, written statements from Delrick Shepherd and Gloria Jackson (Petitioner's wife). The statement by Shepherd purported that the gun found in the car belonged to Shepherd and that Petitioner did not know about it. Petitioner admitted that he wrote the statement that Delrick signed, and he maintained that Delrick told the truth in the statement. Petitioner also drafted a statement that his wife signed. Ms. Jackson, in the statement, claimed that all of the drugs found in the apartment were hers and that Petitioner had no knowledge of the drugs.

Petitioner testified at trial and attempted to convince the jury that other persons who frequently lived in or visited his mother's apartment must have placed the drugs in the bedroom that Petitioner and his wife used. Petitioner was asked, during cross-examination, if his wife used drugs, and he said that she did not. Tr. 341-45. The prosecution, in an attempt to impeach that testimony, presented the written statement that Petitioner wrote for his wife, in which the wife claimed the drugs belonged to her. Defense counsel objected to the questioning and, after lengthy argument, the court admitted the written statement as a prior inconsistent statement by Petitioner. Tr. 347-59.

Petitioner argues that the admission of the written statement violated his right to confront his wife and cross-examine her about the contents of the statement. The state appellate court rejected the argument on the grounds that Petitioner did not attach supporting documentation to his writ application. Tr. 1065. Petitioner argues that the state court was mistaken and that his claim has merit.

Petitioner is not entitled to relief on this claim. The written statement was not presented to the jury as a statement by Ms. Jackson regarding its contents. Rather, it is plain from the record that the exhibit was offered as *Petitioner's* prior statement (because Petitioner drafted the statement) that was inconsistent with his testimony that his wife did not use drugs. Under these circumstances, Petitioner's right to confront and cross-examine witnesses against him was not denied. The "witness" in this context was Petitioner himself, through his drafting of the statement.

Accordingly;

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied** and that Petitioner's complaint be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of July, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE